UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| DORETHA JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:07-CV-085-BG |
| | ) | ECF |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Doretha Johnson seeks judicial review of a decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The United States District Judge reassigned this case to the United States Magistrate Judge for all proceedings. Johnson did not, however, consent to the jurisdiction of the United States Magistrate Judge. Pursuant to the order reassigning this case, the undersigned now files this Report and Recommendation. After reviewing the administrative record and the arguments of both parties, this court recommends that the District Court affirm the Commissioner's decision.

## I.      Statement of the Case

Johnson applied for benefits on August 9, 2002, alleging disability beginning on January 9, 2001. (Tr. 121, 139.) She previously worked as a nurse's aide and claims she injured her back on October 11, 2000, while transferring a patient from a wheelchair to a shower chair. (Tr. 371-72, 388.) An Administrative Law Judge (ALJ) determined on

November 28, 2003, that Johnson was entitled to a closed period of disability beginning October 11, 2000, and ending March 6, 2003. (Tr. 31-35.) Johnson sought review from the Appeals Council, and the Appeals Council vacated the decision and remanded the case for another hearing. (Tr. 39-41.) The Appeals Council directed that upon remand the ALJ would resolve inconsistencies in the record; obtain evidence from a medical expert to clarify the nature and severity of Johnson's impairment; and, if warranted, obtain evidence from a vocational expert to assess any limitations the claimant might have that would affect the occupational base. (Tr. 39-40.)

Upon remand, a different ALJ held a hearing and issued another decision. (Tr. 13-18, 381-400. ) The ALJ determined that Johnson was not disabled at anytime after applying for benefits because she retained the ability to perform the full range of sedentary work from the time she claimed she became disabled to the date of his decision. (Tr. 13-18.) Johnson sought review again from the Appeals Council, but the Appeals Council denied review. (Tr. 5-7.) The second decision therefore became the Commissioner's final decision and subject to judicial review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). The issue is whether the Commissioner's final decision is supported by substantial evidence and whether proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

**II.** **Discussion**

Johnson contends remand is required because the ALJ's decision that she is capable

of performing the full range of sedentary work is contradicted by evidence in the record and not supported by substantial evidence. She claims the ALJ reached his determination in error because he failed to give proper weight to the opinion of her treating physician and failed to consider limitations that would limit her to work with a sit/stand option. Citing Social Security Ruling 83-12, she argues that in cases in which a claimant, such as herself, is limited to sedentary work with a sit/stand option, the ALJ is required to seek testimony from a vocational expert to determine the impact on the sedentary occupational base.

Johnson's arguments do not require remand. Although there is conflicting evidence in the record concerning her limitations and capabilities, the mere presence of conflicts in the evidence does not render an ALJ's decision incorrect. In a case in which the evidence indicates a mixed record concerning a claimant's health problems and limitations upon his ability to work, it is the ALJ's responsibility to weigh the evidence; the court is then charged with determining whether there is substantial evidence in the record as a whole to support the ALJ's determination. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (citation omitted).

There is substantial evidence to support the ALJ's determination that Johnson was capable of performing the full range of sedentary work. Sedentary work involves lifting no more than ten pounds at a time, occasionally lifting or carrying articles like docket files and ledgers, and sitting, walking, and standing occasionally. 20 C.F.R. § 404.1567(a). The Commissioner's Rulings indicate that the "occasional" walking and standing required of sedentary work should be understood to mean that walking and standing is required very

little and up to no more than two hours at intermittent times during an eight-hour workday. SSR 83-1, 1983 WL 31251 at *5. The record contains numerous medical opinions that support the ALJ's conclusion that Johnson is capable of performing sedentary work for eight hours per day. Johnson was released to work in October 2000 with no limitations other than she not lift more than twenty-five pounds. (Tr. 186.) In December 2000 Kurt Sherick, M.D., indicated Johnson was able to perform light duty work with no lifting over twenty-five pounds. (Tr. 135.) In July 2001 Joseph A. Volpe, M.D., evaluated Johnson's impairments at the request of an insurance company and determined that Johnson had developed fibromyalgia that should be addressed and that she could no longer work as a nurse's aide but advised that she would be capable of performing sedentary work. (Tr. 210-12.) In January 2002 Gerald Hill, M.D., evaluated Johnson and noted that she was capable of working an eight-hour day and was capable of standing for up to two hours per day, sitting for up to six hours per day, walking four hours per day, and lifting up to fifteen pounds. (Tr. 214.) In that same month, Kevin McAlpin, a chiropractor, recommended that Johnson return to light work and noted that she was capable of standing for four hours per day and sitting for up to six hours per day. (Tr. 216.)

Neil Veggeberg, M.D., one of Johnson's treating physicians, noted in February 2003 that Johnson could "work with no lifting greater than 20 lbs." (Tr. 280.) Dr. Veggeberg indicated again in July 2003 that Johnson was capable of lifting up to twenty pounds. (Tr. 286.) Finally, in May 2006, Grace Stringfellow, M.D., examined Johnson and advised that she could lift and carry ten pounds, stand and walk at least two hours per day, and sit for approximately six hours per day. (Tr. 360-66.)

As noted, Drs. Hill and Stringfellow specifically advised that Johnson was capable of standing and walking for at least two hours in a workday and sitting for up to six hours per day. (*See* Tr. 214, 363-64.) These opinions provide substantial evidence to support the ALJ's determination that Johnson was capable of performing the sitting, standing, and walking requirements of sedentary work. *See* SSR 83-1, 1983 WL 31251 at * 5. In addition, the opinions from Drs. Hill and Stringellow, as well as opinions from the other physicians, provide substantial evidence to support the ALJ's determination that Johnson was capable of meeting the lifting and carrying requirements of sedentary work. (*See* Tr. 135, 214, 280, 286, 363.) The only medical opinion indicating that Johnson was capable of less than sedentary work was provided by Dr. Veggeberg in December 2003 on a "Residual Functional Capacity Questionnaire," and it is this opinion that Johnson contends the ALJ should have adopted. (Tr. 288-90.) Dr. Veggeberg noted that beginning October 11, 2000, Johnson was capable of sitting for no more than two hours per day, standing and walking less than one-half hour per day, and working no more than two hours per day. (Tr. 288.) As Johnson complains, the ALJ did not accord controlling weight to Dr. Veggeberg's opinion.

(*See* Tr. 15-16.)  However, contrary to Johnson's arguments, the ALJ did not err.  Opinions from a treating physician opinion are not conclusive; responsibility for determining a claimant's disability status lies with the Commissioner.  *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001).  Therefore, when good cause is shown, the ALJ may assign little or no weight to a treating physician's opinion.  *Id*. (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (1994)).  Good cause may exist when the treating physician's opinion is conclusory, unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Greenspan*, 38 F.3d at 237.

In this case, the ALJ determined that Dr. Veggeberg's opinion from December 2003 was unsupported by his own treatment notes and unsupported and contradicted by other medical opinions in the evidence.  (Tr. 16.)  The ALJ's determination is supported by substantial evidence.  Good cause exists in the record for not according controlling weight to the opinion.  (*See* Tr. 238 (negative x-ray); Tr. 188 (normal MRI); Tr. 362 (minimal degenerative changes); Tr. 193, 253, 361 (normal motor strength in upper and lower extremities); Tr. 361 (in 2006 no evidence of atrophy or motor or reflex changes); Tr. 292 (Dr. Veggeberg noting "overall prognosis is good"); Tr. 214, 363-64 (examining physicians Hill and Stringfellow noting that Johnson was physically capable of at least sedentary work).) The ALJ cited substantial evidence to support his determination that Johnson was not disabled and provided good cause for rejecting Dr. Veggeberg's opinion.  The court should reject Johnson's claims to the contrary.

The court should also reject Johnson's claim that she should have been restricted to

a sit/stand option and that the ALJ was required to elicit the testimony of a vocational expert. Ruling 83-12, which Johnson cites, provides adjudicative guidance for situations in which it is determined that the claimant requires a sit/stand option in order to perform either sedentary or light work activity. SSR 83-12, 1983 WL 31253. The Ruling advises that although many professional and managerial occupations may allow such an option, most jobs, especially those that are unskilled, have ongoing work processes that require a worker be in a certain place or posture for a certain length of time and are structured so that an individual cannot ordinarily sit or stand at will. The Ruling advises that when there is an "unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base." *Id.* at *4. Ruling 83-12 does not apply to Johnson's case. Substantial evidence supports the ALJ's determination that Johnson was capable of performing a full range of sedentary work without a sit/stand option. (*See, e.g.* Tr. 214, 216, 364.) The ALJ was therefore not required to consult a vocational expert. *See* SSR 83-12, 1983 WL 31253 at *4.

## III.  <u>Recommendation</u>

Based on the foregoing discussion of the issues, evidence and the law, this court recommends that the United States District Court affirm the Commissioner's decision and dismiss Johnson's complaint with prejudice.

**IV.** **Right to Object**

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to the Report and Recommendation within ten days after being served with a copy of this document. The filing of objections is necessary to obtain de novo review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: November 28, 2007.

NANCY M. KOENIG
United States Magistrate Judge